IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,543-01



 



EX PARTE TERRY KEITH HAMMOND, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 4010-A IN THE 31
ST JUDICIAL DISTRICT COURT


FROM WHEELER COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of theft and
originally sentenced to two years' state jail, probated for five years. Soon thereafter, Applicant's
community supervision was revoked, and he was sentenced to two years' state jail confinement.

 Applicant contends that his counsel rendered ineffective assistance because counsel failed
to timely file a notice of appeal from the original conviction, thereby failing to preserve Applicant's
appellate rights.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide counsel with the opportunity to respond to Applicant's claim of ineffective assistance
of counsel on appeal. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact first as to whether Applicant expressed his desire
to appeal the conviction when he was first convicted and sentenced, and if so, when. The trial court
shall also make findings as to whether any objections were made on the record to the imposition of
any of the conditions of community supervision, and if so, on what basis. The court shall also make
findings as to why Applicant's pro se notice of appeal was accepted when he was still represented
by counsel. Finally, the court shall make findings as to whether Applicant was denied his right to
a meaningful appeal because Applicant's counsel failed to timely file a notice of appeal. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: September 13, 2006

Do not publish